# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS PINTO | : | |
| *Plaintiff,* | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 2:18-0169 |
| | : | |
| BRICKLAYERS & ALLIED | : | |
| CRAFTWORKERS LOCAL 1 PA/DE, et al. | : | |
| *Defendants.* | : | |

**JONES, II    J.**                                                    **FEBRUARY 21, 2019**

## MEMORANDUM

### I.    INTRODUCTION

Plaintiff Thomas Pinto ("Plaintiff") brings suit against Bricklayers & Allied Craftworkers Local 1 PA/DE ("BAC") and—in their individual capacities—Dennis Pagliotti, Richard Newcomb, and Matthew Stafford.[1]  Plaintiff contends that Defendants unlawfully discriminated and retaliated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.* ("FMLA"), Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951*, et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance § 9-1103(1).

Pending before the Court is a Partial Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss") by Defendants BAC, Pagliotti, Newcomb, and Stafford (collectively, the "Local Union Defendants").  The Local Union Defendants seek to dismiss the First, Second, Third, and Fourth Causes of Action set forth in Plaintiff's First

---

[1] Plaintiff also sued the International Union of Bricklayers and Allied Craftworkers ("INT-BAC").  However, Plaintiff and INT-BAC filed a Stipulation of Dismissal as to INT-BAC, which the Court granted on August 20, 2018.  (ECF Nos. 23-25).

Amended Complaint, which are predicated on the FMLA and the ADA. Alternatively, the Local Union Defendants have moved for Summary Judgment pursuant to Rule 56. For the reasons set forth below, the Court will grant the Motion to Dismiss without prejudice to Plaintiff filing a second amended complaint.

## II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff became a member of a bricklayer's union organized by BAC and INT-BAC in 1989. (ECF No. 2, ¶ 19). BAC is a domestic labor union whose principal offices are in Philadelphia. (ECF No. 2, ¶ 14). INT-BAC is an international domestic labor union with its principal office located in Washington, D.C. (ECF No. 2, ¶ 15).[2] In June 2013, BAC and INT-BAC promoted Plaintiff to Union Field Representative for BAC. (ECF No. 2, ¶ 21). Defendant Pagliotti, President of BAC and Regional Supervisor for INT-BAC, supervised Plaintiff in his role as Union Field Representative. (ECF No. 2, ¶ 16).

In October 2016, Plaintiff received a cancer diagnosis, which necessitated surgery and an extended leave of absence from employment. (ECF No. 2, ¶ 23). He informed Defendant Pagliotti of his diagnosis, need for surgery, and an anticipated medical leave of eight to twelve weeks beginning on December 1, 2016. (ECF No. 2, ¶ 26). Plaintiff's scheduled medical leave began two weeks prior to his surgery due to the symptoms associated with his illness. (ECF No. ¶¶ 31, 34-35, 41). However, Plaintiff returned to work on December 5th, against medical advice, after Defendant Pagliotti questioned the severity of Plaintiff's illness and need for an extended period of medical leave. (ECF No. ¶¶ 36-39). Four days later, Plaintiff resumed his pre-surgery

---

[2] Plaintiff also alleged that INT-BAC has a principal office in Philadelphia. (*See* ECF No. 2, ¶5). The Court notes this inconsistency because Plaintiff has been given leave to file a second amended complaint.

medical leave due to the exhaustion and pain caused by his illness without complaint from Defendant Pagliotti.  (ECF No. ¶¶ 40-43).

Plaintiff underwent surgery to remove the cancerous mass in his chest on December 14th. (ECF No. 2, ¶ 41).  He then continued with his medical leave without incident until January 13, 2017 when he "received an email from Defendant Pagliotti threatening to terminate [him] for abandoning his employment."  (ECF No. 2, ¶ 43).  Defendant Pagliotti told Plaintiff to provide proof of his surgery or return to work.  (*Id*.).  Plaintiff complied, but Defendant Pagliotti nonetheless sent Defendants Newcomb and Stafford to Plaintiff's home that same day to collect his company phone, car, and keys to the building.  (ECF No. 2, ¶¶ 44-47).  Defendants Newcomb and Stafford told Plaintiff that he was fired, but Plaintiff did not receive any official documentation to that effect until February 10, 2017.  Plaintiff's termination came "just prior to [him] making [the] $10,000" necessary to become eligible to contribute to INT-BAC's Pension Plan.  (ECF No. 2, ¶¶ 56-57).

On January 16, 2018, Plaintiff timely commenced the instant action after dually-filing charges with the EEOC and PHRC and obtaining a Right to Sue Letter.  (ECF Nos. 1, 2 at ¶¶ 10-12).  On January 22, 2018, Plaintiff amended his Complaint.  (ECF No. 2).  The Local Union Defendants then filed the instant Motion to Dismiss, which has been fully briefed and is ripe for adjudication.

## III.    STANDARD OF REVIEW

When reviewing a Rule 12(b)(6) motion, district courts must "evaluate[] the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (quoting *Gould Elec. Inc. v. United*

*States*, 220 F.3d 169, 178 (3d Cir. 2000)).  This is a two-step inquiry, requiring courts to first separate legal conclusions from factual allegations.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Legal conclusions should be discarded, and well-pleaded facts given the deference of truth.  *Id.*, at 210-11.  The court must then determine whether the well-pled facts state a "plausible claim for relief."  *Id.* at 211.

 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice."  *Id.* at 210 (internal quotation marks omitted).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Id.* at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d at 234-35 (3d Cir. 2008).

## IV.   DISCUSSION

The protections of the FMLA and ADA are available to eligible employees of a qualified employer.  To plausibly state an entitlement to relief under either act, a complaint must have well-pled factual allegations demonstrating that plaintiff is an eligible employee of a covered employer.  The First Amended Compliant fails in this regard, consequently Plaintiff has failed to state a claim in accordance with Rule 12(b)(6).

### A.  Plaintiff Has Failed to State a Claim Under the FMLA

To plausibly state a claim under the FMLA, Plaintiff had to plead that the Local Union Defendants and he fell within the act's definitions of "employer" and "eligible employee."  The

Local Union Defendants contend that Plaintiff cannot state a claim under the FMLA because BAC did not employ the requisite number of employees to subject it to coverage under the act. (EFC No. 15, pp. 10–12).[3]  The Court need not address the substance of that contention at this juncture, as Plaintiff has failed to demonstrate the applicability of the act in the first instance.

The FMLA defines an "eligible employee" as one who has been employed: (1) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (2) has worked for at least 1,250 hours of service with such employer during the previous 12-month period.  29 U.S.C. §§ 2611(2)(A)(i), (ii).  Excluded from the FMLA's protection is any employee of an employer who is employed at a "worksite" at which such employer employs less than 50 employees within a 75-mile radius of that worksite. § 2611(2)(B)(ii).  The FMLA defines an "employer" as "any person engaged in commerce or in an industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." § 2611(4)(A)(i).  This includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."  § 2611(4)(A)(ii).

Plaintiff did not plausibly plead that he is an eligible employee and that BAC and/or INT-BAC were employers as defined by the FMLA.  Plaintiff pled that in August 1989 he joined the

---

[3] In support of their argument, the Local Union Defendants attached to their Motion to Dismiss an Affidavit from Defendant Pagliotti (the "Affidavit"), who avers that BAC "never employed 50 or more employees" in the years 2016 and 2017.  (ECF No. 15 at 15.)  The Court may only consider a "concededly authentic document upon which the complaint is based when the defendant attached such a document to its motion to dismiss."  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  As the affidavit is not relied upon by Plaintiff in his First Amended Complaint, and its acceptance is contested by Plaintiff in his Opposition to the Motion to Dismiss (the "Opposition"), the Court may not properly consider it at this posture without conversion into a motion for summary judgment.  The Court declines to exercise its discretion and convert the motion into one for summary judgment where Plaintiff has not plausibly stated a claim in the first instance.

Bricklayer's Union, which was "run by defendants BAC and INT-BAC." (ECF No. 2, ¶ 19). Plaintiff also pled that in June 2013 "BAC, INT-BAC, and Pagliotti, hired [him] for the position of a Union Field Representative for [BAC]." (ECF No. 2, ¶ 20). However, pleading membership in the Bricklayer's Union and employment as a Union Field Representative does not satisfy §§ 2611(2)(A)(i), (ii).

Additionally, nowhere in the First Amended Complaint does Plaintiff plausibly state that BAC and/or INT-BAC were employers as defined by § 2611(4)(A)(i). In an apparent attempt to meet the employee threshold requirement, Plaintiff argues in his Opposition that BAC and INT-BAC were, in fact, joint employers. (ECF No. 18 at 6–8). A relationship that necessitates aggregating the number of employees of both BAC and INT-BAC, thereby satisfying the FMLA's 50-employee threshold. *Id.* However, arguments in a brief are not synonymous with well-pled factual allegations in a complaint. *See Fleury v. U.S. Postal Service*, No. 00-5500, 2001 WL964147, at * 2 n.5 (E.D. Pa. Aug. 1, 2001) ("It is axiomatic that statements or suggestions in briefs are not a substitute for well pled facts in a complaint"). Moreover, Plaintiff bases this argument, in part, on Defendant Pagliotti's averments in his Affidavit. (ECF No. 18, pp. 5-6). However, Plaintiff cannot both rely on the numbers set forth in the Affidavit and contest its veracity and/or the Court's ability to review it at this posture.

Additionally, Plaintiff's argument that BAC and/or INT-BAC are joint employers, even if made as a purported allegation in an amended complaint, is no more than a legal conclusion without more. A "joint employment" relationship exists "where two or more employers exert significant control over the same employees," and where from the evidence it can be shown "that they share or co-determine those matters governing essential terms and conditions of employment." *Frungillo v. Bradford Regional Airport Operation*, 2018 WL 1256743 (W.D. Pa.

2018). The Third Circuit Court of Appeals has established a test to determine joint employment that the Court would need to apply to determine whether BAC and INT-BAC are indeed joint employers. *See In Re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462 (3d Cir. 2012). Known as the "*Enterprise* test," courts are directed to consider whether the alleged joint employer (1) had the "authority to hire and fire" the employee; (2) had the "authority to promulgate work rules and assignments and to set the employee['s] conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment;" (3) was involved in the employees' "day-to-day supervision, including employee discipline;" and (4) had "actual control of employee records, such as payroll, insurance, or taxes." *In re Enterprise*, 683 F.3d at 469 (citing *Browning Ferris* at 1123). Prior to the Court applying this test, Plaintiff would need to plausibly plead the applicability of the FMLA and "show . . . with facts" his entitlement to relief thereunder. *Phillips*, 515 F.3d at 235.

Accordingly, due to the dearth of well-pled factual allegations demonstrating the applicability of the FMLA, the Court holds that Plaintiff has failed to state a claim under the act. *See Zang v. Western Pennsylvania Teamsters and Employee Welfare Fund*, No. 14-1651, 2015 WL3948243 (W.D. Pa. June 29, 2015) (dismissing a complaint filed under the FMLA, ADA, and Title VII where plaintiff only pled when she became employed by defendant and did not plead any facts "from which it [could] reasonably be inferred that Defendant was an 'employer' as defined by the relevant statutes") (collecting cases).

### B. Plaintiff has Failed to State a Claim Under the ADA

Like the FMLA, the ADA is only applicable to employers employing the requisite number of employees. The ADA defines an employer, in part, as "a person engaged in an

industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111.

Local Union Defendants again argue that Plaintiff has failed to plausibly plead that BAC employed the requisite number of employees for the ADA's applicability. For the reasons stated above, the Court agrees and holds that Plaintiff has failed to state a claim under the ADA.

### C. State Law Claims

The Court will dismiss Plaintiff's first four causes of action filed pursuant to the FMLA and ADA for failure to state a claim in accordance with Rule 12(b)(6). Consequently, now that all federal claims have been dismissed, the Court may, at its discretion, decline to exercise jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(a), (c). The Court of Appeals for the Third Circuit has stated that "in the absence of extraordinary circumstances," a district court should refrain from exercising jurisdiction when all federal claims have been dismissed. *Angeloni v. Diocese of Scranton*, 135 Fed. App'x 510, 515 (3d Cir. 2005).

Here, in addition to Plaintiff's dismissed ADA and FMLA claims, the First Amended Complaint includes six other claims for "discrimination," "retaliation," and for "aiding & abetting" unlawful discriminatory practice that do not arise under federal law. (ECF No. 2). As the Court is not aware of any "extraordinary circumstances" that justify retaining jurisdiction over these state-law claims after dismissing Plaintiff's ADA and FMLA claims, the Court declines supplemental jurisdiction over the remaining claims set forth in the Fifth through Tenth Causes of Action in the First Amended Complaint.

### CONCLUSION

The First Amended Complaint is dismissed as to Causes of Action One through Four for failure to state a claim. This Court also declines supplemental jurisdiction over the remaining

state-law claims, which are set forth in Causes of Action Five through Ten. However, as it is not clear to the Court that Plaintiff could not state a claim under the FMLA and/or ADA, the Court will grant Plaintiff leave to file a second amended complaint within twenty-one (21) days of the filing of this Order. An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II      J.